MIGUEL QUIÑONES RAMOS, Plaintiff and Appellee, *v.* MANUEL OTERO ROQUE, Defendant and Appellant.

No. R-63-13.     Decided October 29, 1963.

*Omar Cancio Sifre* for appellant. *Miranda & Stawinski* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the Court.

Plaintiff-appellee Miguel Quiñones Ramos filed in the Superior Court, San Juan Part, a mortgage proceeding against Manuel Otero Roque, alleging in synthesis the following:

That by public deed dated February 10, 1961 he sold to said defendant Otero Roque an urban real property for the price of $42,000, of which the purchaser left unpaid $27,000 which he promised to pay on February 10, 1966, also binding himself to pay annual interest of 8 percent on the deferred sum in past-due monthly payments; to secure its payment and $2,700 for costs and attorney's fees in case of foreclosure he constituted a first mortgage on the property sold, which was recorded in the registry, it being agreed in said deed that "if the debtors (defendant and his wife) defaulted in the punctual payment of two interest instalments. . . . the mortgage would mature and the creditor would be entitled to proceed to its collection judicially." He further alleged that defendant debtor had failed to pay him the interest due on December 10, 1961 and on the tenth of January, February, March, and April 1962, that is, five consecutive months at the rate of $180 per month, and for that reason "the mortgage and the term for the loan have come due," wherefore defendant owes him $27,000 as principal, $900 interest, and $2,700 for costs and attorney's fees, praying for judgment for said amounts and the public sale of the mortgaged property to pay for them in case they are not paid in cash.

Otero Roque answered the complaint admitting the sale and mortgage of the property, its registration, and the in-

terest agreed upon; he accepted that the expiry date of the obligation to pay $27,000 was agreed upon in case two consecutive monthly payments of interest were not paid; as defense he alleged "that said acceleration clause was set aside by a subsequent agreement or covenant between plaintiff and defendant, by which they agreed that debtor would pay creditor the interest agreed upon whenever required by said mortgagee." He accepted that on the filing of the complaint he owed plaintiff $900 interest, which sum he deposited at the Superior Court on May 8 at the request of his creditor, "plaintiff having refused to receive said payment."

On May 15, 1962 plaintiff moved for summary judgment on the ground that defendant had accepted the allegations of the complaint and that the defense of a subsequent agreement for the payment of interest was "improper and irrelevant at law," because it was not alleged that the agreement had been made in writing. Defendant opposed that motion under oath. The motion was dismissed the following June 22 "because the court believed that the questions of fact raised therein and which pose a controversy of facts should be decided in a plenary suit in order to do better justice to the parties." Shortly afterwards a motion for reconsideration was denied.[1]

The case was called for trial on November 27, 1962. Plaintiff introduced in evidence, and the court admitted, a copy of the public deed of sale and mortgage and a certifi-

---

[1] On August 9, 1962 plaintiff creditor Quiñones Ramos appealed to this Court by way of certiorari No. C-62-72, requesting us to set aside the aforesaid decision on the ground that it was improper to allege as a defense or to present evidence of a verbal subsequent agreement which set aside the acceleration clause of the mortgage deed, because it constituted a change of the terms of the original written contract which was prohibited by § 25 of the Law of Evidence, citing *Torrech* v. *Ramos*, 83 P.R.R. 169 (1961) and other decisions of this Court in its memorandum of authorities. By an Order of the 10th of the same month of August we denied issuance of the writ.

cate from the Registrar of Property in which it was stated that the deed appeared recorded and that the obligation guaranteed by mortgage and which was sought to be recovered did not appear modified in the Registry. On that evidence and on defendant's admissions in his answer, he submitted his case.

Then, to prove the existence of the subsequent agreement relating to the payments of interest and the subsequent conduct of his plaintiff creditor, establishing the subsequent agreement which defeated the extraordinary expiration clause originally stated in that deed, defendant offered in evidence: a check drawn by him on June 15, 1961 for $720 in favor of the creditor and cashed by the latter in payment of interest for the first four months; another check for $900 drawn by defendant on November 10, 1961 in favor of the creditor and also cashed by the latter in payment of the following five instalments interest due at the time of this second check,[2] and, also, his own oral testimony and that of Luis M. Torres, Ramón Torres Peña, and Fernando Rivera Otero.

Plaintiff objected to the admission of that evidence because it tended to alter the terms of the original contract, invoking the provisions of § 25 of the Law of Evidence and our decision in *Torrech* v. *Ramos,* 83 P.R.R. 169 (1961). The trial court did not admit said evidence offered by defendant, but permitted, for proper purposes, that those checks and their testimonies be entered in the record as evidence offered and not admitted. On December 18, 1962 judgment was rendered against defendant ordering him to pay the principal debt of $27,000, $900 for unpaid interest up to April 10, 1962, and accrued interest from that date, plus $2,700 for costs and attorney's fees.

---

[2] Defendant debtor continued depositing interest in the court as they were due. He made the last deposit on February 20, 1963.

In this petition for review defendant debtor, appellant herein, maintains that "the nonadmission of the documentary and oral evidence offered by defendant . . . which tended to establish in an authentic manner that the deferred price and the mortgage securing the same have not expired," constituted an error of law of the respondent court.

He explains that § 25 of the Law of Evidence is not applicable to his case nor the doctrine of *Torrech* v. *Ramos, supra,* because in the case at bar it was not sought to alter the clauses involved in the deed of sale by facts which occurred at the moment of execution, a situation of facts present in the case of Torrech, but that it was sought to prove that subsequent to the execution of said deed the parties, by mutual consent, reached an agreement by which the debtor would pay the creditor the stipulated interest whenever payment was required by said mortgagee, substantially modifying the acceleration clause contained in the original deed.

Defendant-appellant is correct. Although § 25 of the Law of Evidence does not permit the parties and their representatives or successors in interest to present any evidence to alter the terms of an agreement when they have been stated by the parties in a deed, except when an error or defect in the deed is alleged in the litigation or when the validity of the agreement would constitute the fact in controversy, here it is not sought to change the terms of the deed of sale and mortgage. It was alleged and sought to prove by the evidence offered by defendant and not admitted by the trial judge, that after that deed was granted the executing parties themselves had agreed, by mutual consent, that the debtor would pay the interest in his professional office, whenever the creditor would need them. In other words, defendant-debtor maintained that the acceleration clause originally agreed upon for lack of payment of interest had been substituted by the subsequent agreement to this respect.

In these conditions said § 25 did not close the doors to that evidence. It was admissible. In *Sánchez* v. *De Choudens*, 76 P.R.R. 1, 9–10 (1954), in what is pertinent, we stated:

"Notwithstanding the foregoing conclusion, the judgment appealed from will not be affirmed for the following reasons: the lower court stated in its order that any parole evidence sought to be presented purporting to alter the terms of the covenants under the public deed was inadmissible. However, such parole evidence would not constitute extrinsic evidence to alter the terms of the deed but rather evidence of a subsequent verbal contract between the same parties for the purpose of altering the terms of the written contract originally executed by them. Parole evidence to that effect was clearly admissible. See our per curiam opinion of March 26, 1953 in *Ortiz & Buxeda* v. *Pieterz,* as well as Jones *on Evidence,* Vol. 2, § 442, p. 844 and Wigmore *on Evidence,* 3d ed., Vol. IX, § 2441, p. 130. It is likely that the statements of the trial court led appellant to commit error. Had that court expressed itself correctly on that matter, it is possible that plaintiff would have filed counter affidavits in connection with the presumptive verbal agreement."

In *Bigas* v. *Monforte,* 76 P.R.R. 289 (1954), we decided that under said § 25 oral evidence was admissible to show a condition precedent to the existence and enforcement of a written contract, despite the fact that said condition was not contained in the written agreement.

In *Torrech* v. *Ramos, supra,* a contract of sale was involved, granted by public deed, where it was stipulated that a mortgage credit was reduced to a specific amount which amount was retained by the purchaser from the price agreed to be paid in due time. Evidence was offered to show that the parties had agreed that the purchaser, in addition to that specific amount, was bound to make payment of certain interest and property taxes. It was decided that the evidence offered to establish that the purchaser had assumed those additional payments was inadmissible because its purpose was "to alter one of the clauses in the contract," which was

an improper thing to do in the light of § 25 of the Law of Evidence.

■ Sections 1172, 1232, and 1774 of our Civil Code invoked by appellee do not prohibit subsequent verbal agreements or covenants which modify what was originally agreed by the contracting parties in a public deed. Much less, in the absence of a third person it is precluded by the mere registration of the deed of sale and mortgage. These obligational agreements only operate between the executing parties and their heirs, being valid among them whatever may be the manner in which they are executed. Sections 1207, 1209, and 1230 of the Civil Code.

■ When the third party exists, "any act or agreement between the parties tending to modify or destroy the force of a prior mortgage obligation shall not produce effect against a third person unless it be made a matter of record in the registry." Sections 144 of the Mortgage Law and 181 of its Regulations.

■ We know that, with very rare exceptions, under our system, in regard to contracting parties the rights are born out of the registry books.

The judgment appealed from is reversed and the case remanded to the Superior Court, San Juan Part, for further proceedings not inconsistent with this opinion.